IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No 2:23-00018-KD-B |
| | ) |
| RODERICK O'NEIL McMILLIAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Roderick O'Neill McMillian's Motion to Dismiss and documents in support (doc. 19). Upon consideration, and for the reasons set forth herein, the motion is GRANTED.

Defendant McMillian was indicted for wire fraud based on an allegedly false and fraudulent answer to a two-part question in an online Intake Application Summary for a Small Business Administration Economic Injury Disaster Loan (doc. 1). Specifically, he answered "No" to the following:

> a. Are you presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction?
> b. Within the last 5 years, for any felony, have you ever been convicted, plead guilty, plead nolo contendere, been placed on pretrial diversion, or been placed on any form of parole or probation (including probation before judgment)?

(Doc. 19-1, application). The format of the application allowed a "yes" or "no" answer to the two-part question (Id.).   In the indictment, the United States alleges in paragraphs 11 and 12, that McMillian's answer "no" was false because he was on federal supervised relase at the time he submitted the application.

McMillian moves to dismiss the indictment on grounds that undefined phrases - "subject to" and "placed on" – in this two-part question are fundamentally ambiguous as a matter of law.

McMillian argues that prosecution based on his negative answer to this question violates the Due Process Clause (doc. 19). McMillian also argues that a fundamental ambiguity exists in this circumstance because the question is a compound question comprised of two separate and distinct questions but allowing only one "yes" or "no" answer (doc. 25).

As to the first part of the question (a), McMillian argues that when he submitted the online application in June 2020, he was not "subject to" an indictment or other means by which formal criminal charges are brought. Instead, the indictment was resolved by final judgment and sentence in May 2014. He argues that his answer to the first part of the question "is literally and factually correct." (doc. 25, p. 4).

As to the second part (b), McMillian argues that he had not been "placed on" any form of probation within the past five years before June 2020, because he was "placed on" supervised release by the May 2014 judgment and sentence. Albeit, he began serving his supervised release in July 2017. He points out that there was no separate order or hearing to place him on supervision upon release.[1]  He argues that his "no" answer was factually correct to the second part because he was placed on supervised release in the judgment and sentence in May 2014. In support, he points out that the SBA application form was later changed to "commenced" as opposed to "placed on", probation or parole. Alternatively, McMillian points out that where a defendant's answer is true as to one part of a compound question, but false as to the other, and only one answer is allowed, the question is confusing and fundamentally ambiguous (doc. 25).

---

[1] McMillian also argues that the syntax in the second part is confusing because it asks: "Within the last 5 years, for any felony, have you ever been convicted…" (doc. 25, p. 4).

The United States argues that because McMillian was serving his term of supervised release when he submitted the application, he was subject to "other means by which formal criminal charges are brought," as contemplated in the first part of the question. The United States argues that the phrase "placed on" is not ambiguous, and that McMillian was placed on federal supervision in July 2017, within five years of the June 30, 2020 application. The United States argues that the two-part question is not fundamentally ambiguous, but arguably ambiguous, and McMillian's understanding of the question, and the plausibility of his answer, is a jury question.

The Court agrees that paragraph 11 of the indictment, which relates to part (a) of the question, includes an allegation which on its face is factually and legally incorrect. The United States alleges that it was false for McMillian to answer "no" to the question whether he was "subject to" an indictment... or other means by which formal criminal charges are brought" (doc. 1, p. 3). The United States alleges that "other means" includes supervised release. This is nonsensical and wrong. Supervised release is not a means by which formal criminal charges are brought. Rather, the question appears to seek to determine whether an applicant has charges pending. Even if the term "subject to" is ambiguous, no reasonable juror could find that it could be interpreted to mean supervised release.

The second question asks whether in the last five years, for any felony, McMillian had been "placed on" parole or probation. As the United States points out, McMillian started his supervised release on July 21, 2017, which was within five years of the submission of his loan application on June 30, 2020. But as McMillian points out, he was "placed on" supervised release when the judgment was entered in 2014. The phrase "placed on" is arguably ambiguous.

However, the indictment is based on McMillian's answer to a compound question. In United States v. Manapat, the Court of Appeals for the Eleventh Circuit explained that "when a

3

question is 'arguably ambiguous', the defendant's understanding of the question is a matter for the jury to decide." 928 F. 2d 1097, 1100 (11th Cir. 1991). But [w]hen the "question that led to the allegedly false response is fundamentally ambiguous, [the Court] cannot allow juries to criminally convict a defendant based on their guess as to what the defendant was thinking at the time the response was made." Id., at 1101. Thus, fundamental ambiguity becomes a question of law for the Court to resolve.

Here, the Court finds that the compound question in the application is fundamentally ambiguous. First, the question allows only a "yes" or "no" answer. McMillian's answer to the first part was correct. But regardless of whether his answer to the second part was correct or incorrect, the compound question is fundamentally ambiguous. In United States v. Rendon–Marquez, 79 F.Supp.2d 1361 (N.D.Ga.1999), *aff'd mem.,* 228 F.3d 416 (11th Cir.2000), a case involving perjury not wire fraud, Rendon-Marquez was asked a compound question on an INS form: "Have you knowingly committed any crime or offense, for which you have not been arrested; or have you been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, including traffic violations?" The form provided for only a "yes" or a "no" response. Rendon-Marquez answered "no" but he had been arrested. His answer was correct as to the first part, but incorrect as to the second part. A judgment of acquittal was granted because the district court found the question to be a confusing compound question that asked two separate and distinct questions but allowed only a yes or no response. Id. at 1363. As a result, Rendon-Marquez's answer would be partially false, no matter whether yes or no.

The same prevails here. Even if McMillian answered "yes" because he was "placed" on parole during the last five years, i.e., began his supervised release, his answer would be incorrect

4

as to whether he was "subject to" an indictment. Accordingly, the motion to dismiss the indictment is GRANTED.

    DONE and ORDERED this the 14th day of March 2023.

                                            s/ Kristi K. DuBose
                                            KRISTI K. DuBOSE
                                            UNITED STATES DISTRICT JUDGE